MARSHALL *vs.* FOGLEMAN.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF AVOYELLES, THE JUDGE OF THE SEVENTH PRESIDING.

Where a part of the calls and boundaries expressed in a deed are incon-
sistent with the stipulations in the contract of sale, and impossible to be
complied with, they will be disregarded.

This is an action of partition. The plaintiff alleges that John and Dennis M'Daniel and M. Fogleman purchased from the United States a small tract of land on Bayou Bœuf, containing ninety-six acres, entitled, Lot No. 2; that, by a private agreement between them, D. M'Daniel was to pay for forty acres, M. Fogleman for thirty-six, and J. M'Daniel for twenty acres of this tract; that, since that agreement, he has purchased John M'Daniel's share of twenty acres, which the defendant, Fogleman, refuses to set off to him, according to their contract, but, availing himself of the state of indivision, has entered the back lands, disregarding the rights of his co-proprietors; that, when called on to set off the twenty acres from the tract of ninety-six acres fronting on Bayou Bœuf, he consents only to laying off ten acres of the front tract and ten acres from the back concession so entered by him. He prays that the defendant be compelled to make an equitable partition, and that the twenty acres be taken from the front tract of ninety-six acres, &c.

Fogleman pleaded a general denial, and denied specially that the plaintiff was assignee of J. M'Daniel. He averred that the plaintiff, with a view to defraud him, induced him to execute an act of sale the 22d October, 1833, transferring the twenty acres, as M'Daniel's share, to him, in accordance with an agreement between the M'Daniels and him, (Fogleman) left with the Register at Opelousas, dated the 16th November, 1830, by which this respondent considered himself bound to convey this quantity to M'Daniel; but that the plaintiff has practised a fraud in obtaining said act of 22d October, 1833, by which he claims another twenty acres, &c.

He prays that said act be annulled as fraudulent, and this suit dismissed.

He further avers, he never received any consideration for said land, and that the sum of twenty-five dollars per acre, mentioned in said act of sale as the price, is not true, and in this respect it is simulated and fraudulent.

In a further and supplemental answer, he avers, that he has always been ready to set off and convey the twenty acres of land, as specified in the said act of sale, and that, long before this suit, he offered to deliver the land, according to the deed of sale; which was surveyed for this purpose, and the plat and certificate of survey delivered to the plaintiff, who has been in undisturbed possession ever since; wherefore he prays that the suit be dismissed.

Upon these pleadings and issues the cause was tried.

The parish surveyor's plat and survey showed that the defendant offered to set off the twenty acres at the lower end of the tract of ninety-six acres, which, although it originally belonged to the M'Daniels and Fogleman jointly, had been entered, the 19th May, 1831, in the name of the latter alone; and in the rear of this tract he had also entered the back concession, containing seventy-six acres, in July, 1833. To run off the twenty acres fronting on Bayou Bœuf, as the defendant proposed, would have taken only ten acres from the front tract of ninety-six acres, and ten acres from the the rear, or swamp tract of seventy-six acres.

The act of sale from Fogleman to Marshall, for J. M'Daniel's share, dated the 22d October, 1833, expressly says, that the twenty acres thus sold is to be taken from the lower part of Fogleman's land; " to take such front on Bayou Bœuf, and running east *to the township line, to make twenty acres,*" " being the same entered on the 19th May, 1831, and a part of lot No. 2, purchased by an agreement between D. M'Daniel and Fogleman, for which Marshall pays Fogleman twenty-five dollars per acre."

The memorandum of agreement between M'Daniel and Fogleman, in November, 1830, when they were about entering the lot No. 2, containing ninety-six acres, was offered in

evidence, and rejected on the motion of the defendant, as <span style="float:right">WESTERN DIST.</span>
not making proof between these parties..

The district judge gave judgment, ordering the twenty
acres to be set off as the defendant offered, fronting on Bayou
Bœuf, and running to *the township line.* The plaintiff
appealed.

October, 1839.

MARSHALL
*vs.*
FOGLEMAN.

*Cushman,* for the plaintiff.

1st. This is essentially an action of partition, and the
plaintiff should not be decreed to pay the whole costs.

2d. The judgment of the court *a qua* does not decree the
partition in conformity to the contract or agreement of the
parties.

3d. The judgment of the court below should have de-
creed to the plaintiff twenty acres, to be taken out of the
original tract of ninety-six acres, held between the co-
proprietors, in conformity to an agreement between them.

4th. This agreement, though a *sous seing privé* act, is
expressly referred to in the public or notarial act executed
by the parties to this suit.    3 *Louisiana Reports,* 427, and
2 *Ibid,* 70.

5th. The notarial act is free from all ambiguity, and
clearly expresses the intentions of the parties to the same.

*Curry,* for the defendant.

1. The record shows, in the act of sale from Fogleman to
Marshall, dated 22d October, 1833, that the latter sells to
the former " twenty acres of land on the lower part of his
tract, to take such a front on Bayou Bœuf, and running east
*to the township line,* as to make twenty acres." By reference
to the plat and judgment of the district court, it will be
seen, that the plaintiff has had his twenty acres set off in
this manner. It fronts on the Bayou Bœuf, and *runs to the
township line,* as expressed in the act of sale. The defendant
has always been ready to make a partition in this manner,
and it is therefore not his fault that the plaintiff did not get

his land set off to him without suit; the defendant should not, therefore, be mulct in costs.

2. The judgment of the District Court is correct. It *gives the land*, as expressed in the act of sale by the parties themselves, and should therefore be affirmed, with costs in both courts.

·3. The plaintiff relies on a memorandum of agreement between Fogleman and D. M'Daniel, at the Land Office, dated the 16th November, 1830, in which they specify the interest and number of acres each are to have in a lot of ninety-six acres, and which they were then about entering. This memorandum cannot make evidence for the plaintiff. He is no party to it, and it is not proved or shown to be authentic. It was objected to by the defendant's counsel, and excluded by the court. The case must be decided according to the agreement between the parties to this suit, to wit, the act of sale of the 22d October, 1833. It expressly declares that the plaintiff shall take such front on Bayou Bœuf, *and running east to the township line, to make twenty acres.* This has been done, and was offered to be done by the defendant before suit.

*Strawbridge, J.*, delivered the opinion of the court.

The plaintiff claims twenty acres of land, being part of a larger tract of ninety-six acres situated on Bayou Bœuf, together with the back concession, which he alleges the defendant entered after having sold him the front.

The defendant, after an answer denying his right, and an amended answer, filed a second amended answer, in which he admitted the plaintiff's right, and agreed to a partition according to their written agreement. This agreement referred to a private act filed in the land office, a copy of which was produced at trial, but rejected as not being evidence. On the correctness of this decision, to which a bill of exceptions was taken, we do not decide, as we come to the same conclusions as though it had been admitted.

The defendant was owner of two tracts—No. 2, of ninety-six acres lying on Bayou Bœuf, acquired from the United

States on the 20th May, 1831, and No. 1, lying in the rear and between No. 2 and the township line, which we understand to be the back concession spoken of, acquired from the United States 25th July, 1833.

The act of sale from defendant to plaintiff bears date 22d October, 1833. From these dates it is clear that the defendant, owning both front and rear at the time of sale, the plaintiff had no right to the back concession, unless it had been specially conveyed by the defendant.

The difficulty is to ascertain where the twenty acres are to be laid off. The description in the act is of twenty acres, " to be taken from the lower part of the tract on Bayou Bœuf running east *to the township line*, being the same entered on the 19th May, 1831, and a part of lot No. 2, purchased by an agreement between M'Daniel and the defendant."

This agreement is the one, a copy of which was excluded as above stated. To run this line to the township line, the survey must cross the rear tract, and in doing this the land would not be taken from lot No. 2, purchased in May, 1831, but must cross and include a part of No. 1, purchased in July, 1833. To decide on this discrepancy, the only further guide left us is a plat made by order of the District Court, and the instructions of the defendant's attorney given to the surveyor appointed by the court, which state that the land sold was part of the ninety-six acres, but still directs it to be laid off running to the township line. It is certain the land made part of the ninety-six acre tract. To lay it off " running to the township line," was impossible, as this tract did not reach there. We therefore think the decree of the District Court, directing the twenty acres to be taken from the two tracts, was erroneous.

*Where a part of the calls and boundaries expressed in a deed are inconsistent with the stipulations in the contract of sale, and impossible to be complied with, they will be disregarded.*

It is, therefore, ordered and decreed, that the judgment be reversed, and that the plaintiff recover the space marked on the plat by the red letters A, B, D, E, forming part of No. 2, containing ninety-six acres, entered 19th May, 1831, and that the defendant pay the costs of both courts.